# KENEMER v. ARKANSAS FUEL OIL CO.
## No. 11166.

Circuit Court of Appeals, Fifth Circuit.

Oct. 23, 1945.

Isaac C. Adams, of Dalton, Ga., and G. Seals Aiken, of Atlanta, Ga., for appellant.

Carlton C. McCamy, of Dalton, Ga., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

LEE, Circuit Judge.

After prosecuting unsuccessfully, but without prejudice, a suit on the identical causes of action in the state court, and more than six months after his respective causes of action accrued, appellant filed a complaint in the court below demanding damages of appellee on three counts: (1) For damages in the sum of $2161.49 for breach of a distributor's sales agreement and a hauling contract in which appellee agreed to sell and deliver to appellant, as its distributor, petroleum products in several counties located in Northwest Georgia, (2)

for breach of contract by the appellee, as landlord, to make certain repairs to property which it had rented to appellant, and (3) for damages in the sum of $471.84 for breach of an implied warranty of appellee in selling to appellant gasoline that was watered and hence not reasonably suited to the use intended. By amendment to his complaint filed on the day of trial, appellant added to Count Three a paragraph in which he alleged that in purchasing the watered gasoline from the appellee, he purchased under written contracts, copies of which were attached, one being the distributor's sales agreement referred to in Count One and the other a distributor's sales agreement which was in force immediately preceding, the two containing in the main similar conditions and provisions.

At the trial appellee orally moved to dismiss and to strike Counts One and Three of the complaint upon the ground that the causes of action set forth therein were barred by the limitation provision of the contracts. This motion was sustained, and the court below entered a judgment dismissing and striking Counts One and Three of the complaint for the reasons set forth in the motion. On the appeal to this court the sole matter presented for consideration is the correctness of this ruling.

In urging that the court below erred appellant has assigned many reasons, but is relying chiefly upon the following:

(1) The statute of limitations is a special defense under the Federal Rules of Civil Procedure, and where the same has been raised by answer, the proper method for obtaining a ruling thereon is by written motion for judgment on the pleadings, not by oral motion to dismiss.

(2) The suit in the federal court, brought within six months of the dismissal of the causes of action in the state court, tolled the statute of limitations and related back to the filing of the suit in the state court.

(3) The six-months limitation clause of the contracts sued on was a separate and distinct undertaking from the other provisions of the contract with reference to the sale of petroleum products, and was void for lack of consideration.

The limitation upon which appellee relies was not a statutory limitation but a contractual limitation. Paragraph 14 of the contracts expressly provided that "except as to claims and suits for the purchase price of goods, wares and merchandise sold under the terms hereof, all claims, demands and causes of action arising from the breach of this agreement * * * and asserted by one of the parties against the other shall not be maintained in any court unless suit shall be brought on such cause of action within six (6) months of the date of the act, or omission, giving rise to such claim, demand or cause of action." It is to be observed that this defense was first raised by appellee by written motion, which, when overruled, was renewed by specific pleading in its answer, and was renewed again by verbal motion after the appellant had made an opening statement of his case to the jury on the day of the trial. The record does not indicate that the oral motion to dismiss was objected to by appellant as being contrary to the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or that appellant urged at the time that the proper procedure was by written motion for judgment on the pleadings.

Appellant's argument that this defense had been presented by written motion and overruled by the court several months prior to the trial, and that considerable expense had been incurred in preparation for the trial, in no wise affects the right of the court to reconsider the defense thus pleaded and presented, for at most the overruling of the written motion was but an interlocutory decree which could be reconsidered and reviewed, as the court might see fit, at any time prior to final judgment.

Rule 12(c) of the Rules of Civil Procedure provides that a motion for judgment on the pleadings should be made before trial on application of any party, and the record indicates that the court below heard and determined appellee's oral motion to dismiss before proceeding with the trial on the merits, thus treating the motion to dismiss as in effect a motion for a judgment on the pleadings. We find no fault with this proceeding especially since no objection thereto was made by appellant. Any defect in procedure was waived by appellant's failure to object when the court was considering the motion.

Appellant's claim that the renewal in the federal court within six months of dismissal of the same causes of action in the state court tolled the statute of limitations and related back to the filing of the suit in the state court is not pertinent to

any issue before us. Granting that such a procedure would toll the local statute of limitations, under the authority of Code Section 3-808 of the State of Georgia of 1933, it does not follow that such procedure would have that effect on the rights of the parties to this litigation, for the local statute of limitations is not involved. The question at issue is whether or not such renewal within six months tolled the limitation provision of the written contracts. This question is now settled in Georgia.

In Melson v. Phœnix Ins. Co. of Brooklyn, 97 Ga. 722, 25 S.E. 189, the Supreme Court of Georgia said:

"This court has decided that a contract limitation upon the right to sue, fixing a shorter period than that allowed by statute, is lawful, 'provided the period fixed be not so unreasonable as to raise a presumption of imposition of undue advantage, in some way.' Brown v. Savannah Mut. Ins. Co., 24 Ga. 97, in which a 6-months limitation was sustained; Underwriters' Agency v. Sutherlin, 55 Ga. 266, where the limitation was 12 months. See, also [Virginia &c.] Ins. Co. v. Wells, 83 Va. 736, 3 S.E. 349. Section 2932 of the Code, which gives a plaintiff who is nonsuited the right to renew his action within six months, has no application. It is only a part of the law of limitations, and where the parties, by agreement, make a fixed and unqualified limitation for themselves, they abandon all the legal regulations on the subject, and consequently must stand upon their contract as written. Where a party binds himself absolutely to sue within 12 months, or not at all, it would be a radical and material departure from the contract to allow such a variance from its plain terms as would have resulted from a proviso declaring that a suit brought within that time might be renewed within 6 months, in case of nonsuit. To subject the rule of the contract—which has taken the place of the rule of the law—to an exception like this would, in our judgment, be totally unwarranted. When the plaintiffs in these cases waived the right to rely upon the law of limitations, they waived everything which any part of the law on the subject provided for their benefit."

See also to the same effect Gross v. Globe & Rutgers Fire Insurance Co., 140 Ga. 531, 79 S.E. 138; McDaniel v. German American Ins. Co., 134 Ga. 189, 67 S.E. 668; 121 A.L.R. 758 and annotations.

In Riddlesbarger v. Hartford Ins. Co., 74 U.S. 386, 391, 19 L.Ed. 257, the Supreme Court, as set forth in the syllabus, held:

"A condition in a policy of insurance against the maintenance of any action to recover a claim upon the policy, unless commenced within twelve months after the loss, is valid. The condition is not affected by the fact that a previous action, which was dismissed, had been commenced within that period. The statute of a State, which allows a party who suffers a nonsuit in an action to bring a new action for the same cause within one year afterwards, does not affect the rights of the parties in such case."

In the opinion the Court said:

"The statute of Missouri, which allows a party who 'suffers a nonsuit' in an action to bring a new action for the same cause within one year afterwards, does not affect the rights of the parties in this case. In the first place, the statute only applies to cases of involuntary nonsuit, not to cases where the plaintiff of his own motion dismisses the action. It was only intended to cover cases of accidental miscarriage, as from defects in the proofs, or in the parties or pleadings, and like particulars. In the second place, the rights of the parties flow from the contract. That relieves them from the general limitations of the statute, and, as a consequence, from its exceptions also.

"The action mentioned, which must be commenced within the twelve months, is the one which is prosecuted to judgment. The failure of a previous action from any cause cannot alter the case. The contract declares that an action shall not be sustained, unless such action, not some previous action, shall be commenced within the period designated. It makes no provision for any exception in the event of the failure of an action commenced, and the court cannot insert one without changing the contract. The questions presented in this case, though new to this court, are not new to the country. The validity of the limitation stipulated in conditions similar to the one in the case at bar, has been elaborately considered in the highest courts of several of the States, and has been sustained in all of them, except in the Supreme Court of Indiana. * * * Its validity has also been sustained by Mr. Justice Nelson, in the Circuit Court for the District of Connecticut.

"We have no doubt of its validity. The commencement, therefore, of the present

action within the period designated was a condition essential to the plaintiff's recovery; and this condition was not affected by the fact that the action, which was dismissed, had been commenced within that period."

■ The contention that a part of the damages claimed in Count One arises from breach of a hauling contract, entered into subsequent to the distributor's sales agreement, hence that such claim is in no wise affected by the limitation provision of the distributor's sales agreement, is wholly without merit. A reading of the hauling contract clearly shows that it is supplemental to the distributor's sales agreement and has reference only to gasoline and petroleum products sold under the terms of that agreement. Being supplemental to the sales agreement, it is subject to the limitation provision of that contract.

■ Likewise without merit is the contention that the damages sought in Count Three arise from breach of implied warranty as to the quality of the gasoline sold to appellant; that, emanating from breach of implied warranty, they arise by operation of local law; and that, since they do not arise from the contracts themselves, they are not governed by the limitation provision of the contracts. On the day of the trial appellant amended his complaint by adding a paragraph to Count Three. In this paragraph he specifically alleged that in purchasing the watered gasoline from appellee he purchased under written contracts, copies of which he attached. By this amendment to his bill appellant brought his claim directly under the contracts and based his right of recovery upon the express warranty contained in the contracts. It is clear, therefore, that the claim thus asserted comes within the limitation provision.

■ Lastly, appellant argues that the limitation clause in the contracts was an undertaking separate and distinct from their other provisions, hence that the contracts were divisible, and, being divisible, there was no consideration for the contract limitation. The limitation clause with one exception applied to the contracts as a whole and to each and every condition therein. Only exempted therefrom were claims and suits for the purchase price of goods, wares, and merchandise sold under the terms thereof. The claims asserted by appellant do not fall within the exception but within the general provisions of the limitation clause. That clause, with the exception noted, is applicable to suits and to causes of action brought by either party to the contracts. There is no force, therefore, to the contention that there is no mutuality to the contract limitation and that it necessarily must fall for that reason. The binding effect of the limitation upon one party is consideration for the binding effect of the limitation upon the other.

The judgment appealed from is affirmed.