Beulah SOANES as mother and natural guardian of the infant, Kevin Gamble, and Beulah Soanes, individually, Plaintiff,

v.

BALTIMORE & OHIO RAILROAD COMPANY, INC., and Chesapeake & Ohio Railway Co., Inc., Defendants.

No. 78 C 1367.

United States District Court, E. D. New York.

Feb. 24, 1981.

Jerome Edelman, Brooklyn, N. Y., for plaintiffs.

Alexander & Green by Donald B. Ferens, New York City, for defendants.

BRAMWELL, District Judge.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the plaintiffs have moved to strike the affirmative defense of the defendants, Baltimore & Ohio Railroad Company, Inc. (B&O) and Chesapeake & Ohio Railway Co., Inc. (C&O). The affirmative defense under attack alleges that the complaint fails to join an indispensable party whose joinder to the instant action would defeat the diversity jurisdiction of this Court. See 28 U.S.C. § 1332 (1976); Fed.R. Civ.P. 19.

The complaint in this action alleges that a freight train operated by the Staten Island Railroad Corporation (SIRC) struck and injured the then 11-year old infant plaintiff, Kevin Gamble, on January 29, 1976. The SIRC train allegedly was being pulled by a locomotive owned by B&O. The plaintiffs, New York domicilliaries, further allege that SIRC is a wholly-owned division and subsidiary of the defendants, and that defendant B&O, a Maryland corporation, is a wholly-owned subsidiary of defendant C&O, a Virginia corporation. The defendants admit that SIRC is a wholly-owned subsidiary of B&O, but deny that either SIRC or B&O are subsidiaries of C&O. Defendants also admit that B&O owned the locomotive involved in the incident, but allege that it had been leased to SIRC who was operating the locomotive at the time of the incident.

■ The affirmative defense at issue in this motion evinces the defendant's contention that SIRC, a New York corporation, is an indispensable party to the instant action that cannot be joined without defeating the jurisdiction of this Court. Such a defense is a manifestation of Fed.R.Civ.P. 19, which recognizes that the inability of a federal court to properly join all required parties could create a fatal jurisdictional defect. Thus, the plaintiff's present motion to strike the defendant's Fed.R.Civ.P. 19 defense indirectly raises the ultimate issue of whether the instant diversity action lives or dies in this federal forum.[1]

In connection with the plaintiff's motion, therefore, it is noteworthy that Fed.R.Civ.P. 12(h)(2) allows the issue of failure to join a party found indispensable under Fed.R.Civ.P. 19 to be raised up to and through the time of the trial of a case. If the failure to join such a party is not raised by the named parties to a particular action, a trial court or appellate court may raise the issue *sua sponte*. *See* 3A Moore, Federal Practice, ¶ 19.05[2] at 19–91 (2d ed. 1979). Since the instant parties have submitted vast amounts of factual material and numerous legal memoranda on the issue of the failure to join parties found indispensable under Rule 19 in connection with the plaintiff's motion to strike, the Court finds this to be an appropriate time to consider whether there has been such a failure in the case *sub judice*.

In this case, the plaintiffs have attempted to counter the defendant's assertion that SIRC is an indispensable party to this action by asking this Court to pierce SIRC's corporate veil. This would allow the plaintiffs to seek relief from the non-New York corporate defendants, B&O and C&O. The plaintiffs predicate this argument on the belief that control over SIRC by B&O and C&O is complete. In support of this belief, the plaintiffs request this Court to take note of the interlocking directorates and executive officers of SIRC and the named defendants, the fact that both B&O and SIRC accept service of process at the same address, and the fact that the trainmaster of SIRC uses business cards naming B&O and C&O, but not SIRC.

■ Given the reluctance of the New York Court of Appeals to pierce a corporate veil, however, it is readily apparent that the facts alleged by the plaintiff do not demonstrate "a domination and control [of SIRC by B&O and C&O] so complete that the

---

1. Motions to strike affirmative defenses are not favored by the courts and will be denied "if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." 2A Moore, Federal Practice, ¶ 12.21 at 2437 (2d ed. 1979); *see Wellman v. Dickinson*, 79 F.R.D. 341, 349 (S.D.N.Y.1978); *Fuchs Sugars & Syrups, Inc. v. Amstar Corporation*, 402 F.Supp. 636, 637 (S.D.N.Y.1975); *Systems Corporation v. American Telephone & Telegraph Co.*, 60 F.R.D. 692, 694 (S.D.N.Y.1973); *Sample v. Gotham Football Club, Inc.*, 59 F.R.D. 160, 168–69 (S.D.N.Y.1973). Before a motion to strike a defense can be granted "the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *Systems Corporation v. American Telephone & Telegraph Co.*, 60 F.R.D. at 694 (quoting *Carter-Wallace, Inc., v. Riverton Laboratories, Inc.*, 47 F.R.D. 366, 368 (S.D.N.Y.1969)). As will be apparent from the forthcoming discussion, the defendants affirmative defense is sufficient as a matter of law, and therefore plaintiff's motion to strike will be denied.

corporation may be said to have no will, mind or existence of its own, [or that it is] operated as a mere department of the business of the stockholder." *Lowendahl v. Baltimore & Ohio Railroad*, 247 App.Div. 144, 154, 287 N.Y.S. 62, 73 (1st Dep't); *aff'd*, 272 N.Y. 360, 6 N.E.2d 56 (1936). *See Walkovszky v. Carlton*, 18 N.Y.2d 414, 223 N.E.2d 6, 276 N.Y.S.2d 585 (1966); *Bartle v. Home Owners Cooperative, Inc.*, 309 N.Y. 103, 127 N.E.2d 832 (1955); *Rapid Transit Subway Construction Co. v. City of New York*, 259 N.Y. 472, 182 N.E. 145 (1932); *Berkey v. Third Avenue Railroad*, 244 N.Y. 84, 155 N.E. 58 (1926); *Bujosa v. Metropolitan Transportation Authority*, 44 App. Div.2d 849, 355 N.Y.S.2d 800 (1974). This is particularly so in light of the fact that SIRC has its own employees, its own separate labor agreements, its own tax status and several of its own corporate directors who are unaffiliated with B&O and C&O. Affidavit of Patricia J. Hunady at 4–6; Affidavit of Donald B. Ferens at 2–3.

■ Accordingly, this Court declines the plaintiff's invitation to pierce SIRC's corporate veil. For this reason, this Court concludes that SIRC is a party "in [whose] absence complete relief cannot be accorded among those already parties," Fed.R.Civ.P. 19(a)(1), but who cannot be joined under Fed.R.Civ.P. 19(a) because such a joinder would deprive this Court of subject matter jurisdiction. Fed.R.Civ.P. 19(a).

Having determined that SIRC is a party described in Fed.R.Civ.P. 19(a)(1) who cannot be joined without depriving this Court of diversity jurisdiction, this Court next must implement Fed.R.Civ.P. 19(b). That rule requires the Court to "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable." Fed.R.Civ.P. 19(b) lists four factors to be considered by the Court in making this determination. These are:

[1] to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties;

[2] the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;

[3] whether a judgment rendered in the person's absence will be adequate;

[4] whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

Since no judgment could be rendered against SIRC in the instant action nor could judgment, as a matter of law, be rendered against B&O and C&O for the tortious acts of SIRC, no judgment rendered in the case at bar would prejudice SIRC, B&O or C&O. A judgment in this Court also would not prejudice the rights of the plaintiff, since relief for the incident at issue still could be obtained in state court against SIRC. It is obvious, however, that a judgment rendered without the presence of SIRC would be inadequate, since such a judgment would provide the plaintiff with no relief, and would not lay the plaintiff's claim to rest. It, therefore, is significant that an adequate remedy in state court remains available to the infant plaintiff under the tolling provisions of N.Y. CPLR § 208 (McKinney (Supp. 1980–81)).[2]

In light of the above consideration of the factors outlined in Fed.R.Civ.P. 19(b), this Court concludes that SIRC is an indispensable party to the action at bar. And, since SIRC cannot be made a party to this action without destroying the diversity jurisdiction of this Court, the instant action must be dismissed.

Therefore, for the foregoing reasons, it is hereby

2. The appropriate statute of limitations for the infant plaintiff's cause of action is three years, N.Y. CPLR § 214 (McKinney (Supp. 1980–81)). Under N.Y. CPLR § 208 (McKinney (Supp. 1980–81)), however, the statute of limitations for an infant's cause of action is tolled for the period of the infancy. This being so, the plaintiff's cause of action arising from the incident at issue in this case will be timely if commenced in a New York state court prior to 1986.

ORDERED that the plaintiff's motion to strike the defendant's first affirmative defense is DENIED; and it is further

ORDERED that this action is DISMISSED.