DELTA TRUCK & TRACTOR, INC.

v.

NAVISTAR INTERNATIONAL
TRANSPORTATION
CORP., et al.

Civ. A. No. 85–2606–A.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Sept. 23, 1993.

Daryl M. Blue, Hunter Scott Blue Johnson & Ross, Monroe, LA, Henry B. Bruser, III, James M. Chamblee, Gold Weems Bruser Sues & Rundell, Alexandria, LA, and Jack N. Price, Austin, TX, Foley & Lardner, Milwaukee, WI, and Miles Paul Clements, Lemle & Kelleher, New Orleans, LA, for defendants.

C. Joseph Roberts, III, Hayes Harkey Smith Cascio & Mullens, Monroe, LA, for movant.

*RULING*

NAUMAN S. SCOTT, District Judge.

Before the court is defendants', Navistar Transportation Corp. (IH), Tenneco, Inc., and J.I. Case Co. (Case), Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted aimed at plaintiff's, Delta Truck & Tractor, Inc., (Delta), claim for attorney's fees.

### I. Facts and Procedural History

This Louisiana diversity case finds itself before us on remand from the United States Court of Appeals for the Fifth Circuit. The suit arose out of the purchase of IH's farm equipment division by Case. Delta, a farm implement franchise dealer of IH, brought

action against IH and Case, asserting numerous claims stemming from the termination of their IH dealership. These claims included antitrust violations, breach of contract, breach of third-party beneficiary contract, breach of fiduciary duty, breach of implied covenants of good faith and fair dealings, fraud, unfair trade practices, non-compliance with Louisiana's statutory provision covering dealership termination, and misrepresentation.

IH and Case moved for summary judgment. We partially granted these motions, dismissing all of Delta's claims except the one founded on the theory of third party beneficiary contract. Subsequently, we dismissed Delta's remaining claims stemming from Case's alleged violation of the purchase agreement at issue and rendered a directed verdict in favor of the defendants on Delta's claim for the loss of a sale of five cotton pickers to one of Delta's customers.

On appeal, the Fifth Circuit, per Judge Wiener, reversed this court's summary judgments and directed verdict and went on to

> render judgment in favor of Delta against IH and Case in solido (jointly and severally) on Delta's breach of contract and third party beneficiary claims, and against IH on Delta's claim against IH for breach of its duty of good faith; and *remand the case to the district court for the sole purpose of determining the quantum of damages, interest and costs, including attorneys' fees to the extent appropriate,* owed to Delta by IH and Case, as well as such ancillary matters as may be required for the court to make such determinations.

*Delta Truck & Tractor, Inc. v. J.I. Case Co.,* 975 F.2d 1192, 1194 (5th Cir.1992) (emphasis added).

## II. Defendants' Motion to Dismiss Plaintiff's Claim for Attorney's Fees

### A. A Procedural Matter

The motion before us seeks to dismiss Delta's claims for attorney's fees pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Before tackling the merits of this motion, we must first address a procedural matter not yet put at issue by the parties.

Technically, "a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment, must be used to challenge the failure to state a claim for relief." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357. Clearly, the instant motion comes after the defendants' answer and, therefore, is untimely. However, courts confronted with such a misnamed motion to dismiss have chosen to overlook the semantic faux pas and restyled the motion as a Rule 12(c) motion. In addressing a similar situation the Sixth Circuit noted that

> [t]he motion purports to have been brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, but an answer to the complaint had been filed more than a year earlier. Technically, a Rule 12(b)(6) motion is untimely after the case is at issue and no further pleading is permitted. *Wright & Miller,* Federal Practice and Procedure: Civil § 1357. The plaintiffs have made no issue of this, and it seems appropriate to treat the defendants' motion as a motion for judgment on the pleadings.

*Joseph v. Patterson,* 795 F.2d 549, 563 (6th Cir.1986), *cert. denied,* 481 U.S. 1023, 107 S.Ct. 1910, 95 L.Ed.2d 516 (1987). Numerous other courts have arrived at the same judicially efficient answer. *See* Wright & Miller, *supra,* § 1367 n. 17 and 19.

Moreover, "a motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one." *Schy v. Susquehanna Corporation,* 419 F.2d 1112, 1115 (7th Cir.1970) (citing *Kenemer v. Arkansas Fuel Oil Co.,* 151 F.2d 567, 568 (5th Cir.1945) (noting that "[a]ny defect in procedure was waived by appellant's failure to object when the court was considering the motion.")). We will, therefore, address the instant motion as a Rule 12(c) motion, and we will apply the same standards as under Rule 12(b)(6). *See* Wright & Miller, *supra,* § 1367 n. 19; *Turbe v. Government of Virgin Is-*

*lands,* 938 F.2d 427, 428 (3rd Cir.1991); *Kenemer,* 151 F.2d at 568.

## B. The Fifth Circuit's Opinion

■ Delta would have us believe that the Fifth Circuit's opinion clearly mandates the award of attorney's fees in this matter. However, the Fifth Circuit mentioned attorney's fees only in one introductory sentence. No discussion of attorney's fees may be found anywhere else in the opinion, most notably in the full holding and directions on remand. Moreover, the sole mention of attorney's fees is modified by the phrase "to the extent appropriate." *Delta Truck & Tractor,* 975 F.2d at 1194. Because the Fifth Circuit did not decide the issue of the availability of attorney's fees as recoverable damages, either explicitly or by necessary implication, we are not barred from addressing this issue. *See Knotts v. U.S.,* 893 F.2d 758, 761 (5th Cir.1990) (noting the limited scope of the "law of the case" doctrine); *Chapman v. National Aeronautics & Space Admin.,* 736 F.2d 238, 241 (5th Cir.1984), *cert. denied,* 469 U.S. 1038, 105 S.Ct. 517, 83 L.Ed.2d 406 (1984). Indeed, the Fifth Circuit's mandate compels us to take up the issue of whether attorney's fees are appropriate as recoverable damages.[1]

## C. The Substantive Merits

Getting to the substantive merits, IH and Case seek to dismiss Delta's claim for attorney's fees. Both parties focus on and understandably dispute the meaning of the Fifth Circuit's language directing this court to determine the damages owed to Delta "including attorney's fees to the extent appropriate." *Delta Truck & Tractor,* 975 F.2d at 1194.

Delta claims that the intent behind the Fifth Circuit's use of the modifier "to the extent appropriate" is "crystal clear," meaning that "Delta is entitled to attorneys' fees, the task on remand being to determine the *quantum or amount* of the appropriate award." Conversely, IH and Case argue

that if Louisiana law does not allow for the recovery of attorney's fees for the bad faith breach of contract, "then an award of attorney's fees is not appropriate and the claim should be dismissed."

We need not engage in the semantic dispute set up by the parties, which would inevitably lead into an unprofitable investigation of the meanings of "extent" and "appropriate" in the context of the Fifth Circuit's opinion—a circular endeavor to be sure. Instead, the opinion above, when read as a whole, speaks for itself. The much disputed "to the extent appropriate" language is set forth in the introductory portion of the Fifth Circuit's opinion. The full holding states that:

Concluding that, as a matter of law, both IH and Case breached Delta's dealer agreement, we REVERSE the district court's holding on those issues and hold IH and Case liable *in solido* for Delta's damages resulting from termination of its Dealer Agreement without cause. We hold in the alternative that Case is liable to Delta to the same extent for Case's breach of its third party beneficiary obligation to Delta. *We remand the case to the district court for a determination of the damages which Delta is entitled to recover from IH and Case in solido. We also hold that, as a matter of law, IH breached its duty of good faith in carrying out its dealer agreement with Delta. So we REVERSE the district court's holding on that issue and remand it too for a determination of the quantum of bad faith damages.* We AFFIRM the holding of the district court on all other issues.

*Id.* at 1206 (emphasis added).

The Fifth Circuit thus made three distinct rulings and set forth two duties for this court to perform on remand. First, the court held IH and Case liable *in solido* (jointly and severally) for Delta's damages resulting from the termination without cause of its Dealer Agreement. Alternatively, the court held Case liable to the same extent for its breach

---

1. Because the Fifth Circuit did not address the issue of the appropriateness of the recovery of attorney's fees, we need not delve into an inquiry of whether the Fifth Circuit's ruling was "clearly erroneous or would work a manifest injustice." *Williams v. New Orleans,* 763 F.2d 667, 669 (5th Cir.1985) (quoting *White v. Murtha,* 377 F.2d 428, 431–32 (5th Cir.1967)).

of Case's third party beneficiary obligation to Delta. We will now hold trial to determine the quantum of damages Delta is entitled to recover from IH and Case *in solido* and to assess the amount of "bad faith damages" owed to Delta for IH's breach of its duty of good faith in carrying out its Dealer Agreement with Delta.

In ruling on the instant motion, we must determine, in the context of the aforementioned duties assigned to us by the Fifth Circuit, whether attorney's fees are encompassed in the damages Delta is entitled to recover resulting from Case and IH's termination of the Dealer Agreement without cause. We must also assess whether attorney's fees are an element of the "bad faith damages" IH must pay Delta for its breach of good faith in carrying out its dealer agreement with Delta.

**1. Are attorney's fees encompassed in the quantum of damages which Delta is entitled to recover from IH and Case for their termination of the Dealer Agreement without cause?**

■ This inquiry is easily answered. It is well-settled in Louisiana that a party may not recover attorney's fees except where authorized by statute or contract. *See, e.g., State, DOTD & Dev. v. Williamson*, 597 So.2d 439, 441 (La.1992); *General Motors Acceptance Corp. v. Meyers*, 385 So.2d 245, 247 (La.1980); *Ogea v. Loffland Bros. Co.*, 622 F.2d 186, 190 (5th Cir.1980). Louisiana Civil Code articles 1995 and 1996 delineate the measure of damages due as a result of a good faith contractual breach:

**Art. 1995 Measure of damages**

Damages are measured by the loss sustained by the obligee and the profit of which he has been deprived.

**Art. 1996 Obligor in good faith**

An obligor in good faith is liable only for the damages that were foreseeable at the time the contract was made.

These articles make no mention of attorney's fees and the Louisiana Supreme Court has made clear that "attorney's fees are not allowable in an action for breach of contract unless there is a specific provision therefor in the contract." *Maloney v. Oak Builders, Inc.*, 256 La. 85, 235 So.2d 386, 391 (1970).

There is no dispute between the parties that the Dealer Agreement at issue here does not provide for the recovery of attorney's fees. Hence, because there is no statutory or contractual grant of attorney's fees available to Delta, such fees are not encompassed in the damages Delta is entitled to recover resulting from Case and IH's termination of the Dealer Agreement without cause.

**2. Are attorney's fees an element of the "bad faith damages" IH must pay Delta for its breach of good faith in carrying out its Dealer Agreement with Delta?**

■ This question is more difficult to resolve than the one answered above and forms the fighting ground over which the parties expend the greatest amount of their briefing energies. As noted, Louisiana law is clear on the point that in order for attorney's fees to be recoverable, they must be provided for by contract or by statute. Because the parties did not contract for the recovery of attorney's fees, there must be a statutory grant allowing for recovery of attorney's fees in the instance of bad faith breach of contract in order for Delta's claim to survive Case and IH's instant motion.

Louisiana Civil Code article 1997 states that "[a]n obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform." Delta makes a persuasive argument that attorney's fees *should* fall within the "bad faith damages" to which they are entitled. There is a certain amount of room for this argument, because neither the Louisiana Supreme Court nor the U.S. Fifth Circuit has issued an opinion directly ruling on the issue of whether Article 1997 allows for attorney's fees to be recovered for bad faith breach of contract. However, this issue is by no means novel and has been answered clearly in the negative by various Louisiana courts of appeal and very recently by Judge Mentz of the United States District Court for the Eastern District of Louisiana.

In *Radiophone v. Pricellular*, 1993 W.L. 133830 (E.D.La. April 16, 1993), the court squarely rejected plaintiffs contention that they were entitled to recover attorney's fees on the basis of defendant's bad faith breach of contract. In arriving at its decision, the court noted that

> there is no statutory grant of attorney's fees that applies to this case. Article 1997, addressing damages due as a result of bad faith contractual breach, does not so provide. To the contrary, Louisiana's courts have ruled that, despite earlier jurisprudence to the contrary, the predecessor to Article 1997 "provides for unforeseeable bad faith situations but it does not mention attorney's fees." *Lloyd v. Merit Loan Co. Inc.*, 253 So.2d 117 [,120] (La.App. 2d Cir. 1971), cert. denied, [259 La. 1050] 254 So.2d 462 (La.1971); *see also, Makofsky v. Cunningham*, 576 F.2d 1223, 1233 (5th Cir.1978) ("it is doubtful that attorney's fees could be recovered even when the party who had violated a contract is in bad faith.").

*Id.* at *7.

Adding weight to the *Radiophone* decision are the recent opinions of two courts, not mentioned in *Radiophone*, which address the precise issue of the availability of attorney's fees as part of bad faith contractual breach damages. In *Lancaster v. Petroleum Corp. of Delaware*, 491 So.2d 768, 779 (La.Ct. App.3d Cir.1986), the Louisiana Third Circuit Court of Appeals stated flatly that "we will not award attorney's fees for bad faith breach of contract in the absence of a statutory or contractual provision authorizing attorney's fees." The U.S. Fifth Circuit similarly noted in dicta in *Ogea* that "[a]n additional exception [to the rule that attorney's fees are not allowable in an action for breach of contract absent a provision therefor in the contract or by statute], bad faith or technical fraud, recognized as early as 1947, has since been overruled." 622 F.2d at 191 (citing *Lloyd*, 253 So.2d 117).

In light of the aforementioned opinions denying the recovery of attorney's fees for bad faith breach of contract, we find that Article 1997 does not allow Delta to recover attorney's fees as part of the damages it suffered resulting from IH's bad faith breach of contract. In arriving at this conclusion, we are mindful that the issue of whether attorney's fees are recoverable in a particular instance is a "question ... which properly addresses itself to legislative action and not judicial fiat." *General Motors*, 385 So.2d at 247. Ironically, Delta refers to several statutory provisions expressly providing for the recovery of attorney's fees as an element of damages. *See, e.g.*, La. Civil Code art. 2547; La.Code Civ.Pro. art. 2298; La.Code Civ. Proc. art. 3608. *See also Louisiana Unfair Trade Practices Act*, La.Rev.Stat.Ann. § 51:1409. Clearly, the Louisiana legislature contemplates the propriety of attorney's fees in drafting its damage provisions and includes them when it feels they are appropriate. The Louisiana legislature did not include attorney's fees as an element of damages recoverable under Article 1997 and we may not question their judgment.

### III. Conclusion

There is no statutory or contractual grant of attorney's fees available to Delta. We find, therefore, that Delta is not entitled to recover attorney's fees from IH and Case for their termination of the Dealer Agreement without cause, or from IH for its breach of good faith in carrying out the Dealer Agreement with Delta. We also hold that Case and IH have carried their burden under Fed. R.Civ.P. 12(c).

Accordingly, the Motion to Dismiss Plaintiff's Claim for Attorney's Fee filed by Navistar International Corp., Tenneco, Inc., and J.I. Case Company is hereby **GRANTED**.