Newton D. Bartle, as Trustee in Bankruptcy of Westerlea Builders, Inc., Appellant, *v.* Home Owners Cooperative, Inc., Respondent.

Argued June 9, 1955; decided July 8, 1955.

*Vincent A. O'Neil* and *Paul J. Shea* for appellant.   I. The bankrupt is the alter ego of defendant.   (*Long Park, Inc.,* v. *Trenton-New Brunswick Theatres Co.,* 297 N. Y. 174; *Kingston Dry Dock Co.* v. *Lake Champlain Transp. Co.,* 31 F. 2d 265; *Chelrob, Inc.,* v. *Barrett,* 293 N. Y. 442; *Geddes* v. *Anaconda Min. Co.,* 254 U. S. 590; *Albright* v. *Jefferson Co. Nat. Bank,* 292 N. Y. 31; *Berkey* v. *Third Ave. Ry. Co.,* 244 N. Y. 84; *Consolidated Rock Co.* v. *Du Bois,* 312 U. S. 510; *Lowendahl* v. *Baltimore & Ohio R. R. Co.,* 247 App. Div. 144, 272 N. Y. 360; *Rapid Tr. Subway Constr. Co.* v. *City of New York,* 259 N. Y. 472; *International Aircraft Trading Co.* v. *Manufacturers Trust Co.,* 297 N. Y. 285.)   II. Defendant is liable on the ground that the bankrupt operated solely for defendant's members.   (*Matter of Muncie Pulp Co.,* 139 F. 546; *Mangan* v. *Terminal Transp. System,* 157 Misc. 627, 247 App. Div. 853; *Steele* v. *Meaker Co.,* 131 Misc. 675, 226 App. Div. 717; *Rapid Tr. Subway Constr. Co.* v. *City of New York,* 259 N. Y. 472; *New York Trust Co.* v.

*Carpenter,* 250 F. 668; *Geiler* v. *Littlefield,* 148 N. Y. 603; *Trustees of Freeholders & Commonalty of Town of Brookhaven* v. *Smith,* 118 N. Y. 634.) III. In equity the title of the real property of defendant should be held by plaintiff as trustee in bankruptcy. (*Matter of Heim,* 166 Misc. 931, 255 App. Div. 1007; *Strong* v. *Dutcher,* 186 App. Div. 307.) IV. The theory of unjust enrichment applies. (*Gordon* v. *Elliman,* 280 App. Div. 655; *Pink* v. *Title Guar. & Trust Co.,* 274 N. Y. 167.) V. The trustee in bankruptcy is the logical party to bring this action and the State court is a proper forum for a plenary suit. The question of priority of claims as between the creditors of defendant and the creditors of the bankrupt is not before this court. (*Manufacturers Trust Co.* v. *Becker,* 338 U. S. 304; *Pepper* v. *Litton,* 308 U. S. 295; *Matter of Burch,* 89 F. Supp. 249.)

*Richard T. Mosher* for respondent. I. Appellant has not proved the degree of control, the improper purpose and the proximate causation necessary to pierce the corporate veil. (*Lowendahl* v. *Baltimore & Ohio R. R. Co.,* 247 App. Div. 144, 272 N. Y. 360; *Berkey* v. *Third Ave. Ry. Co.,* 242 N. Y. 84; *Rapid Tr. Subway Constr. Co.* v. *City of New York,* 259 N. Y. 472; *Erie R. R. Co.* v. *Tompkins,* 304 U. S. 64; *Pagel, Horton & Co.* v. *Harmon Paper Co.,* 236 App. Div. 47; *Jenkins* v. *Moyse,* 254 N. Y. 319; *Albright* v. *Jefferson Co. Nat. Bank,* 292 N. Y. 31; *Quaid* v. *Ratkowsky,* 183 App. Div. 428, 224 N. Y. 624.) II. The extension agreement created no trust in favor of plaintiff. III. There was no unjust enrichment. IV. On either theory, plaintiff has established no cause of action or legal injury. (*Hirschfeld* v. *McKinley,* 78 F. 2d 124; *Quintal* v. *Kellner,* 238 App. Div. 651, 264 N. Y. 32; *Barnes* v. *Hirsch,* 215 App. Div. 10, 242 N. Y. 555.) V. Plaintiff has not been waived into a cause of action by defendant's failure to move.

FROESSEL, J. Plaintiff, as trustee in bankruptcy of Westerlea Builders, Inc., has by means of this litigation attempted to hold defendant liable for the contract debts of Westerlea, defendant's wholly owned subsidiary. Defendant, as a co-operative corporation composed mostly of veterans, was organized in July, 1947, for the purpose of providing low-cost housing for its members. Unable to secure a contractor to undertake construction of the housing planned, Westerlea was organized for

that purpose on June 5, 1948. With building costs running considerably higher than anticipated, Westerlea, as it proceeded with construction on some 26 houses, found itself in a difficult financial situation. On January 24, 1949, the creditors, pursuant to an extension agreement, took over the construction responsibilities. Nearly four years later, in October, 1952, Westerlea was adjudicated a bankrupt. Meanwhile, defendant had contributed to Westerlea not only its original capital of $25,000 but additional sums amounting to $25,639.38.

Plaintiff's principal contention on this appeal is that the courts below erred in refusing to " pierce the corporate veil " of Westerlea's corporate existence; as subordinate grounds for recovery he urged that the defendant equitably pledged its assets toward the satisfaction of the debts of the bankrupt's creditors, and that the doctrine of unjust enrichment should apply.

The trial court made detailed findings of fact which have been unanimously affirmed by the Appellate Division, which are clearly supported by the evidence, and by which we are bound. It found that while the defendant, as owner of the stock of Westerlea, controlled its affairs, the outward indicia of these two separate corporations were at all times maintained during the period in which the creditors extended credit; that the creditors were in no wise misled; that there was no fraud; and that the defendant performed no act causing injury to the creditors of Westerlea by depletion of assets or otherwise. The trial court also held that the creditors were estopped by the extension agreement from disputing the separate corporate identities.

We agree with the courts below. The law permits the incorporation of a business for the very purpose of escaping personal liability (*Natelson* v. *A. B. L. Holding Co.*, 260 N. Y. 233, 238; *Rapid Tr. Subway Constr. Co.* v. *City of New York*, 259 N. Y. 472, 488). Generally speaking, the doctrine of " piercing the corporate veil " is invoked " to prevent fraud or to achieve equity " (*International Aircraft Trading Co.* v. *Manufacturers Trust Co.*, 297 N. Y. 285, 292; see *Halsted* v. *Globe Ind. Co.*, 258 N. Y. 176, 179; *Jenkins* v. *Moyse*, 254 N. Y. 319, 324; *Quaid* v. *Ratkowsky*, 183 App. Div. 428, affd. 224 N. Y. 624). But in the instant case there has been neither fraud, misrepresentation nor

illegality. Defendant's purpose in placing its construction operation into a separate corporation was clearly within the limits of our public policy.

The judgment appealed from should be affirmed, without costs.

VAN VOORHIS, J. (dissenting). The judgment of the Appellate Division should be reversed on the law, as it seems to me, and plaintiff should have judgment declaring defendant to be liable for the debts of the bankrupt, Westerlea Builders, Inc., and that defendant holds its real property subject to the claims of creditors of Westerlea. Not only is Westerlea a wholly owned subsidiary of defendant Home Owners, having the same directors and management, but also and of primary importance, business was done on such a basis that Westerlea could not make a profit. Home Owners owned a residential subdivision; Westerlea was organized as a building corporation to erect homes for stockholders of Home Owners upon lots in this tract. Home Owners arranged with Westerlea for the construction of houses and then would sell the lots on which such houses had been erected to Home Owners' stockholders — at prices fixed by Home Owners' price policy committee in such amounts as to make no allowance for profit by Westerlea. The object was to benefit Home Owners' stockholders by enabling them to obtain their houses at cost, with no builder's profit.

The consequence is that described by Latty, Subsidiaries and Affiliated Corporations at pages 138–139: '' The subsidiaries had, to begin with, nothing, made nothing, and could only end up with nothing. It is not surprising that the parent was held liable in each case.'' And again: '' This set-up is often, though not necessarily, found in combination with a scheme whereby the corporation cannot possibly make profits (or can at the most make only nominal profits), and whereby all the net income in the course of the corporation's business is drained off as operating charges of one sort or another. The presence of this additional factor should remove any doubt that may remain as to the right of the creditor of the corporation not to be limited to the corporate assets for the satisfaction of his debt.''

In the present instance, Westerlea was organized with a small capital supplied by Home Owners, which soon became exhausted. Thereafter, it had no funds and could acquire none over and

beyond the actual cost of the houses which it was building for stockholders of Home Owners. Those stockholders obtained the entire benefit of Westerlea's operations by obtaining these houses at cost. Not only was Westerlea allowed no opportunity to make money, but it was placed in a position such that if its business were successful and times remained good, it would break even, otherwise it would inevitably become insolvent. The stockholders of Home Owners became the beneficiaries of its insolvency. This benefit to the stockholders of Home Owners was analogous to dividends, at least it was something of value which was obtained by them from Home Owners by virtue of their stock ownership. Under the circumstances, this benefit to its stockholders was a benefit to Home Owners as a corporation.

It follows that Westerlea was merely an agent of Home Owners to construct houses at cost for Home Owners' stockholders, and therefore Home Owners is rendered liable for Westerlea's indebtedness.

CONWAY, Ch. J., DESMOND, DYE, FULD and BURKE, JJ., concur with FROESSEL, J.; VAN VOORHIS, J., dissents in an opinion.

Judgment affirmed.