■ SIMPLICITY PATTERN CO., INC., Respondent, v MIAMI TRU-COLOR OFF-SET SERVICE, INC., et al., Appellants. [619 NYS2d 29] —Order, Supreme Court, New York County (Myriam Altman, J.), entered August 5, 1993, which granted plaintiff's motion to

compel production of an officer of defendant Tru-Color, Ltd. at trial; and judgment entered May 4, 1994 (Walter Schackman, J., upon decision of Myriam Altman, J.), after a non-jury trial in favor of plaintiff in the amount of $325,924.13, unanimously affirmed, with costs.

The trial court properly decided that an adverse inference could be drawn against Miami Tru-Color for its failure to produce its president at trial for breach of a sublease by Tru-Color, a dissolved corporation, since dissolution does not affect liability occurring prior to dissolution and such a corporation remains obligated to respond to subpoenas (Business Corporation Law § 1006 [a], [b]; see, In re Grand Jury Subpoenas Issued to Thirteen Corps., 775 F2d 43, 48), and Mr. Melton was president of both corporations and under the control of Miami Tru-Color (see, Fisch, New York Evidence §§ 1125, 1126 [2d ed]).

The trial court also properly pierced the corporate veil as Tru-Color was the mere instrumentality and alter ego of Miami Tru-Color as the latter dominated the affairs of the former, which domination caused the wrong to plaintiff by stopping payment of rent and breaching the lease (see, Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141). The court properly weighed the evidence which revealed, inter alia, the absence of the formalities and paraphernalia of corporate existence of Tru-Color; its inadequate capitalization; an overlap in ownership, officer, directors and personnel; common addresses and telephone numbers; payments of Tru-Color's debts by Miami Tru-Color; and use by Miami Tru-Color of Tru-Color's property (see, Passalacqua Bldrs. v Resnick Developers S., 933 F2d 131, 139). Further, funds were shifted back and forth to the extent that Tru-Color was insolvent at the time the breach occurred (see, Directors Guild v Garrison Prods., 733 F Supp 755, 762). Concur—Ellerin, J. P., Wallach, Ross and Williams, JJ.