■ CC MING (USA) LTD. PARTNERSHIP, Respondent, v CHAMPAGNE VIDEO INC. et al., Appellants. [648 NYS2d 21] —Order and judgment (one paper), Supreme Court, New York County (Walter Schackman, J.), entered December 15, 1995, which, *inter alia*, granted plaintiff's motion for partial summary judgment against the corporate defendant, unanimously affirmed, with costs.

There being a lack of factual support for a finding that the tenant did not retain a reversionary interest in the leased premises, we disagree with the IAS Court that the corporate defendant was a "de facto" assignee of the premises and that the wrongful or unjust act necessary to hold defendant liable for the tenant's rent obligation, as the latter's alter ego, can be found in such purported assignment. Nevertheless, we affirm, this being the rare case where the uncontroverted facts demonstrate that the corporate form was being used not to limit a contracted liability (*see, Hillcrest Realty Co. v Gottlieb*, 208 AD2d 803), but to evade it. Defendants claim that plaintiff's predecessor knowingly accepted a tenant that had no real existence and would not, in fact, occupy the leased premises, but fail to come forward with independent evidentiary support that such an unusual arrangement was bargained for. Furthermore, the domination and control were complete. The tenant kept no corporate records, had no capitalization, held no assets other than the lease in issue, commingled its funds with defendant and had the same shareholders, officers, and directors, namely, the individual defendants (*see, Forum Ins. Co. v Texarkoma Transp. Co.*, 229 AD2d 341; *Simplicity Pattern Co. v Miami Tru-Color Off-Set Serv.*, 210 AD2d 24). Concur—Murphy, P. J., Sullivan, Rubin, Ross and Nardelli, JJ.