■ EDMOND MEACHUM et al., Respondents, v OUTDOOR WORLD CORPORATION et al., Appellants. [652 NYS2d 749] —In an action, inter alia, to recover damages for fraud and breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated November 20, 1995, as denied those branches of their motion which were to (1) dismiss the complaint insofar as asserted against the defendants Resorts USA, Inc., Rank Ahnert, Inc., and Rank America, Inc., for failure to state a cause of action, and (2) dismiss the third cause of action insofar as it is asserted by the plaintiffs Adrian Montanez and Deborah Montanez.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendants' contention, the Supreme Court properly denied that branch of their motion pursuant to CPLR 3211 which was to dismiss the complaint insofar as asserted against the defendants Resorts USA, Inc., Rank Ahnert, Inc., and Rank America, Inc., for failure to state a cause of action. While the plaintiffs entered into written contracts only with the defendant Outdoor World Corporation (hereinafter Outdoor), the complaint alleges numerous instances in which the remaining defendants held themselves out as creating, controlling, and being responsible for the vacation club in which the plaintiffs purchased memberships. Therefore, regardless of whether New York law or Pennsylvania law applies, the plaintiffs' allegations may support recovery from defendants other than Outdoor on a "piercing the corporate veil" theory *(see generally, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135; *Lumax Indus. v Aultman,* 543 Pa 38, 669 A2d 893). Moreover, even if liability under this theory was unsupportable, the allegations of the complaint clearly suffice to set forth independent claims sounding in fraud and misrepresentation against the various defendants regarding, *inter alia,* the quality and availability of vacation facilities. Therefore, assuming the truth of the allegations and according them every favorable inference *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314; *Jacobs v Haber,* 133 AD2d 739), we find that at this preliminary stage of the proceedings it was appropriate for the Supreme Court to deny the motion to dismiss *(see, e.g., Guggenheimer v Ginzburg,* 43 NY2d 268; *Ackerman v 305 E. 40th Owners Corp.,* 189 AD2d 665).

Similarly unavailing is the defendants' contention that the third cause of action, seeking recovery for deceptive business practices pursuant to General Business Law § 349, should be dismissed insofar as it is asserted by the plaintiffs Adrian Montanez and Deborah Montanez. Although the Montanez plaintiffs executed their contract with Outdoor in Pennsylvania and much of the purported fraudulent activity occurred in that State, the complaint alleges at length that the defendants engaged in deceptive conduct in New York by mailing misleading literature to New York residents in an attempt to induce them to travel to the defendants' facilities in Pennsylvania by indicating that recipients would be awarded valuable prizes. These allegations of improper business activity within New York suffice to state a claim pursuant to General Business Law

§ 349 *(cf., Nardella v Braff,* 621 F Supp 1170). In this regard, the fact that the contract between the Montanez plaintiffs and Outdoor provides that it is to be governed by and interpreted under Pennsylvania law does not preclude assertion of the statutory claim, inasmuch as the claim does not involve any issue relating to the terms of the contract or its interpretation.

Finally, given the current state of the record, the defendants' remaining contentions are unpersuasive. Rosenblatt, J. P., Sullivan, Altman and Goldstein, JJ., concur.