■ ANDERSON STREET REALTY CORP., Respondent, v RHMB NEW ROCHELLE LEASING CORP. et al., Defendants, and ATLANTIC TO PACIFIC BEDDING CORP., Appellant. [663 NYS2d 279] —In an action to recover damages for breach of a lease, the defendant Atlantic to Pacific Bedding Corp. appeals from (1) a decision of the Supreme Court, Westchester County (Carey, J.H.O.), entered August 21, 1996, and (2) a judgment of the same court entered September 3, 1996, which, after a nonjury trial, is in favor of the plaintiff and against it and the defendant RHMB New Rochelle Leasing Corp. in the total sum of $142,078.96.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the appellant's contention, the Supreme Court properly pierced the corporate veil to hold it liable for the rent not paid to the plaintiff by RHMB New Rochelle Leasing Corp. (hereinafter RHMB), the signatory on the lease with the plaintiff for the subject premises.

Piercing the corporate veil requires a showing that (1) the one corporation exercised complete domination of the other with respect to the transaction attacked, and (2) that such domination was used to commit a wrong against the plaintiff which resulted in the plaintiff's injury. The party seeking to pierce the corporate veil must further establish that the controlling corporation abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against

that party such that a court in equity will intervene. The decision whether to pierce the corporate veil in a given instance depends on the particular facts and circumstances (*see, Hyland Meat Co. v Tsagarakis,* 202 AD2d 552).

In this case the evidence showed that RHMB was the appellant's instrumentality and alter ego. In the role of tenant the appellant dominated RHMB's affairs with respect to the subject premises, which led to the wrong now complained of by the plaintiff, that is, the nonpayment of rent. The evidence revealed: (1) an overlap in ownership of the two corporations; (2) an inadequate capitalization of RHMB; (3) payments of some if not all of RHMB's rent by the appellant; (4) the appellant's reference to itself as the parent company; and (5) that the appellant obtained insurance regarding the subject leased premises (which named the appellant as the insured on the policy) (*see, Simplicity Pattern Co. v Miami Tru-Color Off-Set Serv.,* 210 AD2d 24; *Fern, Inc. v Adjmi,* 197 AD2d 444; *see also, Passalacqua Bldrs. v Resnick Developers S.,* 933 F2d 131, 139). Under these circumstances we find that the evidence was sufficient to establish the liability of the appellant. Bracken, J. P., Rosenblatt, Copertino and Luciano, JJ., concur.