■ BARBARA WEINSTEIN, Doing Business as BANLE ASSOCIATES, Respondent, v WILLOW LAKE CORPORATION et al., Appellants. [692 NYS2d 667] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from an

order of the Supreme Court, Nassau County (O'Connell, J.), entered September 9, 1998, which denied their motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action, *inter alia*, to recover damages for breach of contract based on the defendants' failure to pay rent pursuant to a lease between the plaintiff and the defendant Willow Lake Corporation (hereinafter Willow Lake). The defendants moved to dismiss the complaint for failure to state a cause of action arguing, *inter alia*, that the plaintiff failed to comply with certain contractual prerequisites and that the defendant Parkway Hospital Corp. (hereinafter Parkway) cannot be held liable for breach of contract because it never signed the lease between the plaintiff and Willow Lake. The plaintiff contends that she complied with the terms of the lease and that Willow Lake was merely a "shell or dummy" corporation controlled by Parkway for its own purposes.

Piercing the corporate veil requires a showing that (1) one corporation exercised complete domination of another with respect to the transaction attacked, and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury (*see, Hyland Meat Co. v Tsagarakis*, 202 AD2d 552). The party seeking to pierce the corporate veil must further establish that the controlling corporation abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene (*see, Hyland Meat Co. v Tsagarakis, supra*). The decision whether to pierce the corporate veil in a given instance depends on the particular facts and circumstances (*see, Hyland Meat Co. v Tsagarakis, supra*).

Here, while the plaintiff entered into a written commercial lease only with Willow Lake, the complaint alleges instances in which Parkway held itself out as creating, controlling, and being responsible for the leased premises (*see, Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp.*, 243 AD2d 595; *Simplicity Pattern Co. v Miami Tru-Color Off-Set Serv.*, 210 AD2d 24; *Fern, Inc. v Adjmi*, 197 AD2d 444). It appears that the extent of Willow Lake's involvement was limited to the mere signing of the lease. Hence, the plaintiff's allegations may support recovery against either or both of the defendants for the rent not paid to the plaintiff (*see, Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp., supra*). Accordingly, the defendants' motion to dismiss the complaint was properly denied (*see, e.g., Leon v Martinez*, 84 NY2d 83, 87-88;

*Meachum v Outdoor World Corp.,* 235 AD2d 462, 463; *Acker-man v 305 E. 40th Owners Corp.,* 189 AD2d 665).

The defendants' remaining contentions are without merit. O'Brien, J. P., Krausman, Florio and H. Miller, JJ., concur.