■ COMMERCIAL SITES CO., Respondent, v PRESTIGE PHOTO STUDIOS, INC., et al., Defendants, and ROBERT GRILLI et al., Appellants. [707 NYS2d 491] —In an action, *inter alia,* to enforce a confession of judgment, the defendants Robert Grilli and Christine Grilli appeal from so much of a judgment of the Supreme Court, Nassau County (Winslow, J.), entered December 29, 1998, as, after an inquest, is in favor of the plaintiff and against them in the principal sum of $32,122.33.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly pierced the corporate veil and imposed liability on the individual defendants Robert Grilli and Christine Grilli for the unpaid rent and related charges owed to the plaintiff by the corporate defendant Prestige Photo Studios, Inc. (hereinafter Prestige). The plaintiff established at the inquest that its loss was caused by the Grillis' domination of Prestige (*see, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141). The evidence revealed the absence of formalities such as corporate meetings and records, inadequate capitalization of Prestige, the intermingling of personal and corporate funds, and the use of corporate property for other purposes, including the formation of a second corporation with overlapping ownership, officers, directors, and personnel (*see, Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp.,* 243 AD2d 595; *Simplicity Pattern Co. v Miami Tru-Color Off-Set Serv.,* 210 AD2d 24; *Fern, Inc. v Adjmi,* 197 AD2d 444).

Contrary to the appellants' contention, the Supreme Court's refusal to vacate their default in failing to oppose the motion to strike their answer was a provident exercise of discretion (*see,* CPLR 5015 [a] [1]; *Lovisa Constr. Co. v Facilities Dev. Corp.,* 148 AD2d 913; *Scuba Plus Sky v Partridge Place Corp.,* 201 AD2d 260). Ritter, J. P., Joy, Goldstein and H. Miller, JJ., concur.