■ JOHN BRUZZI, Appellant, v SYOSSET SPORT CENTER, INC., Formerly Known as JACKSON AVE. CORP., Doing Business as SYOSSET SPORT CENTER, et al., Defendants, and WARREN ECKEL et al., Respondents. [716 NYS2d 895] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (DiNoto, J.), entered July 13, 1999, as, upon a jury verdict finding that the defendants Warren Eckel and Brian Eckel were not at fault in causing the plaintiff's injuries, failed to award damages against those defendants.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the judgment properly did not award damages against the individual defendants War-

ren Eckel and Brian Eckel (hereinafter the Eckels) as the jury did not render a verdict against those defendants. The jury specifically found that the Eckels were not at fault in causing the plaintiff's injuries. The plaintiff contends that the Eckels, who are the principals of the corporate defendant Syosset Sport Center, Inc. (hereinafter Syosset Sport), should be liable for acts of the corporation. The plaintiff, however, did not present any evidence that would justify piercing the corporate veil to impose liability on the Eckels (see, Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135). Moreover, there was no evidence that the jury verdict was reported incorrectly or that there was substantial confusion among the jurors in reaching the verdict. Accordingly, there is no reason to order a new trial (see, Bedell v Hornick, 245 AD2d 538).

The issues raised by the respondents regarding the liability of Syosset Sport are not properly before us as Syosset Sport did not appeal from the judgment (see, Bardi v Mosher, 197 AD2d 797). Ritter, J. P., Altman, H. Miller and Smith, JJ., concur.