■ GALIN PARTNERSHIP, Appellant, v JOHN G. FLYNN et al., Respondents. [744 NYS2d 345] —In an action, inter alia, to recover unpaid rents pursuant to a lease, the plaintiff appeals, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Westchester County (Rudolph, J.), entered April 2, 2001, as, after a nonjury trial, is in its favor and against the defendant Flynn Funeral Home in the sum of only $278,933 for unpaid rent and, in effect, dismissed the complaint insofar as asserted against the defendants John G. Flynn and Carol Flynn.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment in accordance herewith.

The Supreme Court erred in refusing to pierce the corporate veil of the defendant Flynn Funeral Home, Inc. (hereinafter FFH), and in declining to hold the individual defendants John G. Flynn and Carol Flynn (hereinafter the Flynns) jointly and severally liable for the unpaid rents and property taxes owed by FFH. The plaintiff established at trial that its losses were caused by the Flynns' domination of FFH (*see Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141). The evidence further revealed the absence of formalities such as corporate meetings and records, inadequate capitalization of FFH, the intermingling of personal and corporate funds, the transfer of FFH's property to other funeral homes owned by the Flynns, and the use of its funds for personal purposes (*see Commercial Sites Co. v Prestige Photo Studios,* 272 AD2d 360; *Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp.,* 243 AD2d 595; *Simplicity Pattern Co. v Miami Tru-Color Off-Set Serv.,* 210 AD2d 24).

The plaintiff's managing agent also established at trial, through both documentary and testimonial evidence, that between 1992 and 1996 the defendants were delinquent in paying a total of $320,646 in rents and property taxes under the lease. The defendants presented no evidence to controvert this demonstration. Accordingly, the ad damnum clause should be amended to reflect the plaintiff's actual damages as established at trial (*see Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d

18, 23; *Ford v Martino,* 281 AD2d 587; CPLR 3025 [c]), and the Supreme Court shall enter an appropriate amended judgment. We note that the Supreme Court shall include, as it did in the judgment appealed from, interest calculated as demanded in the plaintiff's second amended complaint.

In view of the foregoing determination, we do not reach the remaining contentions raised on this appeal. O'Brien, J.P., Friedmann, H. Miller and Crane, JJ., concur.