■ OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, Respondent, v EDWARD MOSKOWITZ et al., Appellants, et al., Defendants. [747 NYS2d 556]

In 1992 the plaintiff, a New York State licensed title insurer, entered into a title agency agreement with the defendant Metro Land Services, Inc. (hereinafter Metro Land). Pursuant to that

agreement, Metro Land, as the plaintiff's agent, collected various funds at real estate closings to pay, among other things, title insurance premiums and charges, recording fees, and deed, mortgage, and transfer taxes. In or about the spring of 1998, the plaintiff discovered that Metro Land had failed to record deeds and other documents for the plaintiff from some 250 closings. While Metro Land had received the funds, amounting to $1,372,734.84, required to record the documents and pay the requisite taxes, it no longer had the funds. Kenneth Jacobowitz and Edward Moskowitz were the sole directors, shareholders, and officers of Metro Land.

The plaintiff brought the instant action against Metro Land, Kenneth Jacobowitz and his wife, Jeanne Jacobowitz, and Edward Moskowitz and his wife, Victoria Moskowitz, to recover damages, inter alia, for conversion. After a default judgment was entered against Kenneth and Jeanne Jacobowitz, the plaintiff moved for partial summary judgment on the issue of liability against Metro Land and Edward and Victoria Moskowitz. The Supreme Court granted the motion.

Initially, we note that although Metro Land is named as an appellant in the notice of appeal, no argument is made on appeal that the Supreme Court improperly granted partial summary judgment on the issue of liability against that defendant. Therefore, there is no issue as to whether Metro Land is liable to the plaintiff, and the only issue presented on the instant appeal is whether the Supreme Court properly pierced the corporate veil to hold Edward and Victoria Moskowitz liable for Metro Land's conversion. "The concept [of piercing the corporate veil] is equitable in nature and assumes that the corporation itself is liable for the obligation sought to be imposed * * * Thus, an attempt of a third party to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners" (*Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141).

To successfully pierce the corporate veil, a third party must show that: "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (*Matter of Morris v New York State Dept. of Taxation & Fin., supra* at 141). In support of its motion for partial summary judgment, the plaintiff made out a prima facie case to support piercing the corporate veil and holding the defendant Edward Mos-

kowitz liable for Metro Land's conversion of funds (*see Commercial Sites Co. v Prestige Photo Studios*, 272 AD2d 360; *Hyland Meat Co. v Tsagarakis*, 202 AD2d 552). In opposition to this motion, Edward Moskowitz failed to raise a triable issue of fact as to his liability.

However, the Supreme Court improperly granted that branch of the plaintiff's motion which was for summary judgment against the defendant Victoria Moskowitz, and improperly denied that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against her. There is no basis to pierce the corporate veil as against her since she was neither an owner, director, nor a shareholder in Metro Land (*see Matter of Morris v New York State Dept. of Taxation & Fin., supra; Matter of Bergassi v American Sur. Agency,* 278 AD2d 413; *Bruzzi v Syosset Sport Ctr.,* 277 AD2d 413). Ritter, J.P., Smith, Friedmann and Cozier, JJ., concur.