■ Ventresca Realty Corp., Respondent, v James G. Houlihan et al., Appellants, et al., Defendant. [813 NYS2d 196]—

In an action, inter alia, to recover damages for breach of contract, the defendants James G. Houlihan, Howard Parnes, and James J. Houlihan appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court,

Westchester County (Tolbert, J.), entered December 21, 2004, as denied that branch of their motion pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint insofar as asserted against them for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

While "[t]he law permits the incorporation of a business for the very purpose of escaping personal liability" (*Bartle v Home Owners Coop.*, 309 NY 103, 106 [1955]; *see Seuter v Lieberman*, 229 AD2d 386, 387 [1996]; *New York Assn. for Retarded Children, Montgomery County Ch. v Keator*, 199 AD2d 921, 922 [1993]), equity will intervene to pierce the corporate veil and permit the imposition of personal liability in order to avoid fraud or injustice (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140 [1993]). "The decision whether to pierce the corporate veil in a given instance depends on the particular facts and circumstances" (*Weinstein v Willow Lake Corp.*, 262 AD2d 634, 635 [1999]; *see Matter of Morris v New York State Dept. of Taxation & Fin., supra* at 141).

Construing the complaint in the light most favorable to the plaintiff, and accepting as true the factual allegations set forth therein (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *LoPinto v J.W. Mays, Inc.*, 170 AD2d 582, 583 [1991]), the plaintiff adequately pleaded a cause of action to recover against the individual defendants for the alleged wrongs committed by the corporate defendant pursuant to a "[p]iercing [of] the corporate veil" theory (*Weinstein v Willow Lake Corp., supra* at 635; *see Brooke Realty-Dupont v SBC Equip. Leasing Co.*, 248 AD2d 347 [1998]; *Meachum v Outdoor World Corp.*, 235 AD2d 462 [1997]). Contrary to the appellants' contention, the plaintiff sufficiently alleged that the appellants exercised complete dominion and control over the assetless corporation in order to commit a wrong against the plaintiff (*see generally Matter of Morris v New York State Dept. of Taxation & Fin., supra* at 141; *CC Ming [USA] Ltd. Partnership v Champagne Video*, 232 AD2d 202 [1996]; *Fern, Inc. v Adjmi*, 197 AD2d 444 [1993]). The appellants' remaining contentions raise factual and credibility issues, the resolution of which must await the joinder of issue and further proceedings. Adams, J.P., Ritter, Goldstein and Covello, JJ., concur.