■ CV HOLDINGS, LLC, Respondent, v ARTISAN ADVISORS, LLC, Appellant. [835 NYS2d 778]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Sise, J.), entered January 25, 2006 in Montgomery County, which, upon a decision of the court, inter alia, declared that plaintiff was not obligated to pay a fee to defendant pursuant to an agreement between the parties.

Plaintiff, a holding company, commenced this declaratory judgment action after defendant, an investment banking firm, asserted that, under an agreement between the parties, it was entitled to a fee in excess of $700,000 as a result of plaintiff's sale of one of its subsidiaries. The pertinent facts are set forth more fully in our prior decision (9 AD3d 654 [2004]), where we held that certain key provisions of the written agreement between the parties were ambiguous. Upon remittal, a nonjury trial was conducted. After the trial, Supreme Court rendered a written decision in which it discussed the germane facts, detailed its credibility determinations, and applied the facts it found credible to the law. The court rendered a judgment declaring that plaintiff was not obligated to pay the disputed fee. Defendant appeals.

We affirm. Since the agreement was ambiguous, it was proper for Supreme Court to consider extrinsic evidence in an effort to determine the parties' intent (*see Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880-881 [1985]; *Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172 [1973]; *Pozament Corp. v AES Westover, LLC*, 27 AD3d 1000, 1001 [2006]). There was conflicting evidence regarding the parties' intent. While this Court has broad authority when reviewing a nonjury trial, we typically accord deference to the trial court's credibility determinations because of its advantage in observing the witnesses (*see Hollow Rd. Farms, Inc. v Quo Vadis Intl., LLC*, 31 AD3d 1023, 1024-1025 [2006]; *F&K Supply v Willowbrook Dev. Co.*, 304 AD2d 918, 920 [2003], *lv denied* 1 NY3d 502 [2003]). Upon review of this record, we find no convincing reason to depart from Supreme Court's assessment of credibility. The proof it found credible on the pertinent issues supports its determination that defendant was not entitled to the disputed fee.

The remaining arguments have been considered and found either unavailing or academic.

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.