■ HENRY PAE, Respondent, v CHUL YOON, Appellant, et al., Defendants. [838 NYS2d 172]—

In an action, inter alia, to recover damages for breach of contract, the defendant Chul Yoon appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), entered December 22, 2005, as, upon a decision of the same court made after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $74,359.41.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

This action arises out of an agreement between the plaintiff and the appellant's corporation for the sale and purchase of goods. After a nonjury trial, the Judicial Hearing Officer (hereinafter the JHO) found that the appellant was liable to the plaintiff for the balance due. The appellant contends that because he purchased the plaintiff's goods through his corporation, he could not be held personally liable for breach of the agreement. He also contends that the agreement is unenforceable under the statute of frauds. We disagree.

Generally, "piercing the corporate veil requires a showing

that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). Testimony at trial established that the plaintiff and the appellant's corporation entered into a valid agreement for the sale and purchase of goods, and that the appellant, the sole owner of the corporation, dominated the corporation and was solely responsible for the wrongful failure of the corporation to pay the plaintiff. The evidence also revealed the absence of corporate formalities, such as the lack of a distinction between corporate funds and the defendant's personal funds. Therefore, the JHO properly concluded that the appellant was personally liable under the agreement (*see Old Republic Natl. Tit. Ins. Co. v Moskowitz*, 297 AD2d 724, 725 [2002]; *Galin Partnership v Flynn*, 295 AD2d 473 [2002]; *Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp.*, 243 AD2d 595, 596 [1997]; *Simplicity Pattern Co. v Miami Tru-Color Off-Set Serv.*, 210 AD2d 24, 25 [1994]).

Further, the testimony at trial established that the appellant accepted and received the subject goods from the plaintiff. Consequently, the agreement was not unenforceable under the statute of frauds (*see Plymouth Rock Fuel Corp. v Leucadia, Inc.*, 100 AD2d 842, 842-843 [1984]; Uniform Commercial Code § 2-201 [3] [b], [c]; *cf. Sunkyong Am. v Beta Sound of Music Corp.*, 199 AD2d 100, 100-101 [1993]; *Avis Rent A Car Sys. v McNamara Buick Pontiac*, 90 AD2d 783 [1982]). Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.