■ Ventresca Realty Corp., Appellant-Respondent, v James G. Houlihan et al., Respondents-Appellants, et al., Defendant. [838 NYS2d 609]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered August 30, 2006, as denied its motion for summary judgment on the issue of liability, and the defendants James G. Houlihan, Howard Parnes, and James J. Houlihan cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, the plaintiff's motion for summary judgment on the issue of liability is granted, and the matter is remitted to the Supreme Court, Westchester County, for the calculation of damages; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The evidence submitted on the parties' respective motions for summary judgment established that the corporate defendant, Houlihan Parnes Corp. (hereinafter the corporation), executed a lease for office space from the plaintiff and, pursuant to the terms of the lease, was required to occupy the premises as the tenant. The leasehold was not to be assigned, sublet, occupied, or used by any other person or entity without the express written consent of the plaintiff, in which case the new tenant itself would become liable for any unpaid rent. It is undisputed, however, that the individual defendants, who are the principals of the corporation, instead took up occupancy of the leasehold without a lease and without compensating the corporation, and transacted substantial business in their personal interests and on behalf of their real estate venture known as Houlihan Parnes Realtors from that location. After many years of conducting business in this fashion, the individual defendants abruptly vacated the premises and the corporation ceased paying rent with approximately six years left on the lease term. The individual defendants relocated their real estate business to another building which they had acquired for that purpose. The plaintiff, after obtaining a judgment against the corporation for unpaid rent and related damages, discovered that the corporation had no assets or income from which to satisfy the judgment. Therefore, it commenced this action, inter alia, to hold the individual defendants personally liable for the debt.

As we noted in a previous appeal in this action, "[w]hile '[t]he law permits the incorporation of a business for the very purpose of escaping personal liability' (*Bartle v Home Owners Coop.*, 309 NY 103, 106 [1955]; *see Seuter v Lieberman*, 229 AD2d 386, 387 [1996]; *New York Assn. for Retarded Children, Montgomery County Ch. v Keator*, 199 AD2d 921, 922 [1993]), equity will intervene to pierce the corporate veil and permit the imposition of personal liability in order to avoid fraud or injustice (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140 [1993]). 'The decision whether to pierce the corporate veil in a given instance depends on the particular facts and circumstances' (*Weinstein v Willow Lake Corp.*, 262

AD2d 634, 635 [1999]; *see Matter of Morris v New York State Dept. of Taxation & Fin., supra* at 141]" (*Ventresca Realty Corp. v Houlihan*, 28 AD3d 537, 538 [2006]).

The Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. The evidence demonstrated that the corporation was a mere "dummy" or "shell" entity created solely for the purpose of signing the lease. The corporation owned no assets, held no investments, conducted no business, had no employees, did not possess its own telephone line, and had no income other than the funds periodically contributed to it by the individual defendants so that its monthly rent obligation could be met. Moreover, the corporation held no regular meetings, maintained no corporate records or minutes, was inadequately capitalized, and apparently held no regular elections of directors and officers. Accordingly, the proof established, as a matter of law, that the individual defendants completely dominated and controlled the corporation, and abused the corporate form to advance their own personal interests, by exercising that control to commit a wrong against the plaintiff in vacating the premises and causing the breach of the lease (*see Galin Partnership v Flynn*, 295 AD2d 473 [2002]; *Commercial Sites Co. v Prestige Photo Studios*, 272 AD2d 360 [2000]; *Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp.*, 243 AD2d 595 [1997]; *CC Ming [USA] Ltd. Partnership v Champagne Video*, 232 AD2d 202 [1996]; *Simplicity Pattern Co. v Miami Tru-Color Off-Set Serv.*, 210 AD2d 24 [1994]; *Fern, Inc. v Adjmi*, 197 AD2d 444 [1993]; *see also Weinstein v Willow Lake Corp., supra*; *Brooke Realty-Dupont v SBC Equip. Leasing Co.*, 248 AD2d 347 [1998]). Under these circumstances, the plaintiff is entitled to pierce the corporate veil and hold the individual defendants personally liable.

In view of the foregoing, the defendant's contentions on their cross appeal are without merit. Miller, J.P., Mastro, Krausman and Carni, JJ., concur.