■ MILLENNIUM CONSTRUCTION, LLC, Respondent, v BORIS LOUPOLOVER, Appellant, et al., Defendant. LEONID GIZERSKY, Additional Respondent. [845 NYS2d 110]—

In an action, inter alia, to recover damages for breach of contract, the defendant Boris Loupolover appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 15, 2006, as granted the cross motion of the plaintiff Millennium Construction, LLC, and the additional defendant Leonid Gizersky for summary judgment dismissing the counterclaims insofar asserted against the additional defendant Leonid Gizersky.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, Millennium Construction, LLC (hereinafter Millennium), and the additional defendant Leonid Gizersky established their prima facie entitlement to judgment as a matter of law dismissing the counterclaims insofar as asserted against Gizersky. The Supreme Court correctly determined that there was no basis upon which to pierce the corporate veil of Millennium in order to hold its president and sole shareholder Gizersky personally liable. A party seeking to pierce the corporate veil must establish that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *see Old Republic Natl. Tit. Ins. Co. v Moskowitz*, 297 AD2d 724, 725 [2002]; *Hyland Meat Co. v Tsagarakis*, 202 AD2d 552 [1994]). "The party seeking to pierce the corporate veil must [further] establish that the [controlling corporation] abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 142; *see Weinstein v Willow Lake Corp.*, 262 AD2d 634, 635 [1999]; *Hyland Meat Co. v Tsagarakis*, 202 AD2d at 552). "The concept is equitable in nature, and the decision whether to pierce the corporate veil in a given instance will depend on the facts and circumstances" (*Hyland Meat Co. v Tsagarakis*, 202 AD2d at 553; *see Weinstein v Willow Lake Corp.*, 262 AD2d at 635). Factors to be considered by a court in determining whether to pierce the corporate veil include failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal

use (*see Shisgal v Brown*, 21 AD3d 845, 848, 849 [2005]; *Matter of Alpha Bytes Computer Corp. v Slaton*, 307 AD2d 725, 726 [2003]; *Forum Ins. Co. v Texarkoma Transp. Co.*, 229 AD2d 341, 342 [1996]; cf. *John John, LLC v Exit 63 Dev., LLC*, 35 AD3d 540, 541 [2006]; *Sweeney, Cohn, Stahl & Vaccaro v Kane*, 6 AD3d 72, 78 [2004]). In opposition to the cross motion of Millennium and Gizersky, the defendant Boris Loupolover (hereinafter the appellant), failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the cross motion for summary judgment dismissing the counterclaims insofar as asserted against Gizersky.

We do not reach the appellant's contentions concerning his motion, inter alia, for sanctions against Millennium for failing to comply with discovery demands because such motion was not addressed by the Supreme Court in the order appealed from and thus remains pending and undecided (*see Morris v Queens-Long Is. Med. Group, P.C.*, 43 AD3d 394, 395 [2007]; *Hill v 2016 Realty Assoc.*, 42 AD3d 432, 433 [2007]; *Lesisz v Salvation Army*, 40 AD3d 1050, 1052 [2007]; *Katz v Katz*, 68 AD2d 536 [1979]).

The appellant's remaining contentions are without merit. Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.