LEBANON VALLEY LANDSCAPING, INC., Appellant, v TOWN OF MORIAH, Respondent. [857 NYS2d 749]—

Cardona, P.J. Appeal from an order and judgment of the Supreme Court (Dawson, J.), entered August 23, 2006 in Essex County, upon a decision of the court in favor of defendant.

Plaintiff entered into a contract with defendant to replace a water distribution and sewer collection system for 79 homes located in defendant's Grover Hills subdivision. As relevant herein, plaintiff agreed to install an estimated 2,000 feet of six-inch house service lateral pipe at a price of $21.50 per linear foot, as well as approximately 200 sanitary service connections at $395 per unit. While the project was underway, defendant decided not to convert certain duplex residences from two-service per home lines to single-service connections and, as a result, the parties agreed to change order No. 1 adding 70 sanitary service connections.

Plaintiff eventually sought payment for 4,901 feet of six-inch lateral pipe. Defendant denied the request on the ground that the six-inch pipe would have been required only for the conversion from two-service to single-service connections. According to defendant, because those conversions were eliminated by change order No. 1, any six-inch pipe that was actually installed must have been installed as part of the sanitary sewer connections and, therefore, was included in the unit price paid for each connection.

Plaintiff commenced this breach of contract action seeking payment of $105,371.50 for the 4,901 feet of six-inch lateral

pipe. The parties cross-moved for summary judgment, Supreme Court denied the cross motions, and this Court affirmed (258 AD2d 732 [1999]). The matter proceeded to a nonjury trial, following which Supreme Court concluded that the six-inch pipe at issue was not separately compensable because it was included as part of the sanitary service connections. The court dismissed the complaint, prompting this appeal by plaintiff.

We begin our discussion by noting that the contract documents include, as relevant here, the written agreement, the bid form, the drawings and change order No. 1. As this Court previously recognized that the intent of the parties was not clear from the four corners of these documents (*id.*), it is appropriate to consider extrinsic evidence to determine the parties' intent (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *CV Holdings, LLC v Artisan Advisors, LLC*, 40 AD3d 1322, 1323 [2007]).

The confusion herein stems from defendant's request on the bid form that all bidders submit separate prices for six-inch house service lateral pipe and for sanitary service connections. Plaintiff argues that by requiring separate bid prices, defendant indicated that six-inch lateral pipe was not included in the sanitary service connections but was, instead, a separate item compensable at the linear foot price. Defendant, on the other hand, contends that the pipe in dispute constitutes part of the sanitary service connections and thus falls under the contract provision which specifies that the per unit payment for sanitary service connections includes "pipe as specified."

We find defendant's argument to be persuasive. Section 01025, paragraph 2.09 (B) of the contract provides that payment for each sanitary service connection is "to include *pipe as specified*, all labor, all material, fittings, gaskets as required" (emphasis added). Although the contract documents do not describe "pipe as specified" or include any drawings specifically labeled "sanitary service connection," the documents do contain illustrations labeled "new lateral detail" and "ex. lateral relocation detail." It is reasonable to construe these illustrations as indicating that the sanitary service connection includes six-inch pipe, as well as a "wye branch" which connects the six-inch pipe to the sewer main, and the necessary fittings. This interpretation is supported by the testimony of both Anthony Reale, who was formerly employed by Adirondack Engineering Associates, the engineering firm hired by defendant to assist with the design and construction of the Grover Hills project, and defendant's Supervisor, Thomas Scozzafava.

Notably, Reale also testified that the six-inch pipe which was

separately bid as "six-inch house service lateral" was to be used to convert the duplexes to single-service connections. According to Reale, change order No. 1, which eliminated the conversions, also obviated the need for that additional six-inch pipe. Reale's testimony is consistent with defendant's reversal of plaintiff's partial payment request for 276 feet of six-inch pipe, made after change order No. 1 was issued, and accords with the written explanation given to plaintiff by Adirondack Engineering Associates' project manager at the time that plaintiff requested payment for the 4,901 feet of six-inch pipe.

To the extent that the testimony of other witnesses could support a different conclusion, we find no basis to disturb Supreme Court's conclusion that the complaint should be dismissed (*see Hollow Rd. Farms, Inc. v Quo Vadis Intl., LLC*, 31 AD3d 1023, 1025-1026 [2006]; *Merrell-Benco Agency, LLC v HSBC Bank USA*, 20 AD3d 605, 607 [2005], *lv dismissed and denied* 6 NY3d 742 [2005]).

Peters, Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the order and judgment is affirmed, without costs.