In an action, inter aha, to recover damages for injury to property, the defendants Zohar Zauber and David Ettedgui appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated September 20, 2007, as denied their motion pursuant to CFLR 3211 (a) (7) and 3016 (b) to dismiss the complaint insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with costs.
“A party seeking to pierce the corporate veil must establish that ‘(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiffs injury’ ” (Millennium Constr., LLC v Loupolover, 44 AD3d 1016, 1016 [2007], quoting Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]; see Hyland Meat Co. v Tsagarakis, 202 AD2d 552, 552 [1994]). The party seeking to pierce the corporate veil must further establish that the controlling corporation abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 142; Weinstein v Willow Lake Corp., 262 AD2d 634, 635 [1999]; Hyland Meat Co. v Tsagarakis, 202 AD2d at 552). “The concept is equitable in nature, and the decision whether to pierce the corporate veil in a given instance will depend on the facts and circumstances” (Hyland Meat Co. v Tsagarakis, 202 AD2d at 553; see Weinstein v Willow Lake Corp., 262 AD2d at 635).
Affording the complaint a liberal construction, accepting as true all facts alleged therein, and according the plaintiff the benefit of every possible inference (see Leon v Martinez, 84 NY2d 83, 87 [1994]; Breytman v Olinville Realty, LLC, 54 AD3d 703 [2008]; Asgahar v Tringali Realty, Inc., 18 AD3d 408 [2005]), *734 the plaintiff sufficiently pleaded a cause of action to recover against the appellants for the alleged wrongs committed by the corporate defendants pursuant to a “ ‘[pfiercing [of] the corporate veil’ ” theory (Ventresca Realty Corp. v Houlihan, 28 AD3d 537, 538 [2006], quoting Weinstein v Willow Lake Corp., 262 AD2d at 635). Contrary to the appellants’ contention, the plaintiff sufficiently alleged that they exercised complete domination and control over the assetless corporation in order to commit a wrong against the plaintiff (see Ventresca Realty Corp. v Houlihan, 28 AD3d 537 [2006]).
The parties’ remaining contentions are without merit. Spolzino, J.E, Angiolillo, Dickerson and Belen, JJ., concur.