◼ FLUSHING PLAZA ASSOCIATES #2 et al., Respondents, v WARREN S. ALBERT, Doing Business as W.S. ALBERT ENTERPRISES, INC. and Another, Appellant, et al., Defendants. [958 NYS2d 713]—

In an action to recover damages for breach of contract, the defendant Warren S. Albert, D.C., doing business as W.S. Albert Enterprises, Inc., and doing business as NY Injury Center, appeals from a judgment of the Supreme Court, Queens County (Geller, J.H.O.), entered on August 17, 2011, which, upon a decision of the same court dated March 29, 2011, made after a nonjury trial, is in favor of the plaintiffs and against him in the principal amount of $238,392.82.

Ordered that the judgment is affirmed, with costs.

The plaintiff Flushing Plaza Associates #2 (hereinafter FPA) owned commercial property in Flushing. The defendant Warren S. Albert was the sole officer, director, and shareholder of the

defendant W.S. Albert Enterprises, Inc. (hereinafter Enterprises). Enterprises leased office space on the second floor of the premises at issue. Enterprises defaulted on the lease. FPA obtained a judgment against Enterprises in the amount of $58,391.54 in the Civil Court, Queens County, on May 31, 2002, representing the amount of unpaid rent owed by Enterprises. In May 2003, FPA commenced this action to recover damages personally from Albert on the basis of piercing the corporate veil.

At the ensuing nonjury trial, Albert admitted that Enterprises was "short" on its rent many times since entering into the lease, and had stopped paying rent completely in October 2001. He also conceded that Enterprises received rent payments from sublessees—in violation of its lease with FPA—through August 2002. Albert further testified that he paid himself $29,500 on May 20, 2002—11 days before the Civil Court issued its judgment—which he explained represented the repayment of a loan he had made to Enterprises. Albert, however, did not offer any documentation for the alleged loan, or explain the purpose of the alleged loan.

In a decision dated March 29, 2011, the Supreme Court wrote that "the corporate veil is pierced to hold Dr. Albert personally liable for the corporate debt of W.S. Albert Enterprises, Inc." On August 17, 2011, judgment was entered in favor of FPA and against Albert and Enterprises, jointly and severally, in the principal amount of $238,392.82. Albert appeals.

"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (*BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]; *see WBP Cent. Assoc., LLC v DeCola*, 91 AD3d 861, 863-864 [2012]).

One of the primary legitimate purposes of incorporating is to limit or eliminate the personal liability of corporate principals (*see Bartle v Home Owners Coop.*, 309 NY 103, 106 [1955]). Nevertheless, equity will intervene to "pierce the corporate veil" and permit the assertion of claims against the individuals who control the corporation in order to avoid fraud or injustice (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140-141 [1993]). Generally, piercing the corporate veil requires a showing that the individual defendants exercised complete dominion and control over the corporation and used such dominion and control to commit a fraud or wrong against

the plaintiff which resulted in injury (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 141; *Seuter v Lieberman*, 229 AD2d 386 [1996]; *New York Assn. for Retarded Children, Montgomery County Ch. v Keator*, 199 AD2d 921, 922 [1993]). The mere claim that the corporation was completely dominated by the defendants, or conclusory assertions that the corporation acted as their "alter ego," without more, will not suffice to support the equitable relief of piercing the corporate veil (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 141-142; *New York Assn. for Retarded Children, Montgomery County Ch. v Keator*, 199 AD2d at 922; *Abelman v Shoratlantic Dev. Co.*, 153 AD2d 821, 823 [1989]). "The decision whether to pierce the corporate veil in a given instance depends on the particular facts and circumstances" (*Weinstein v Willow Lake Corp.*, 262 AD2d 634, 635 [1999]).

Here, the Supreme Court's determination to pierce the corporate veil and hold Albert personally liable for Enterprises' debt to the plaintiff was warranted by the facts. The testimony presented at trial demonstrated that just 11 days before judgment was entered against Enterprises in the Civil Court, Albert directed Enterprises to pay him the sum of $29,500, thereby stripping the corporation of its assets and rendering it judgment proof. Enterprise also continued to receive rent payments from its sublessees for 10 months after it stopped making rent payments to the plaintiff. This evidence supports the conclusion that Albert used his domination and control of the corporation to commit a wrong against the plaintiff (*see Ventresca Realty Corp. v Houlihan*, 41 AD3d 707, 709 [2007]; *see also NPR, LLC v Met Fin Mgt., Inc.*, 63 AD3d 1128, 1129-1130 [2009]; *Damianos Realty Group, LLC v Fracchia*, 64 AD3d 537, 538 [2009]; *cf. Treeline Mineola, LLC v Berg*, 21 AD3d 1028 [2005]). The evidence also supports the conclusion that Albert abused the privilege of doing business in the corporate form by failing to observe corporate formalities (*see Pae v Chul Yoon*, 41 AD3d 681, 682 [2007]).

The appellant's remaining contention is without merit. Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur.